**Raymond C. JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 25, 1955.

Rehearing Denied Oct. 7, 1955.

W. A. Moore, Morgantown, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Justice.

Raymond C. Jones, the appellant, was indicted for the offense of breaking into a school building and stealing certain property in July, 1952. On November 3, 1952, he entered a plea of guilty, waived trial by jury, and agreed for the court to fix his punishment, KRS 431.130. He was sentenced to prison for three years. Two days later Jones moved the court to probate his sentence, which was done. On July 9, 1954, the Commonwealth moved that the probation be revoked because Jones had violated its conditions. The court revoked the probation and adjudged that Jones be confined in prison for three years.

On this appeal it is contended that the proceedings in the circuit court were null and void because, at the time of the commission of the offense in July, 1952, Jones was only seventeen years of age; and he was not proceeded against according to the terms of the Youth Authority Act, KRS 208.010 et seq. This argument is without merit because the provisions of the Youth Authority Act, relating to proceedings against juvenile delinquents did not become effective until January 1, 1953. We held in the case of Vanhoose v. Commonwealth, Ky., 264 S.W.2d 72, that the circuit court had jurisdiction of juveniles between the ages of seventeen and eighteen who were before the court on the effective date of the Act; and, further, that jurisdiction was not divested from the circuit court by the new law. It follows that the proceedings in the circuit court under which Jones was sentenced to prison were in conformity with the provisions of law relating to juveniles at that time.

Judgment affirmed.